IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THELMA L. HEWLETT,

  Plaintiff,

v.                                                                              Case No. 3:15-cv-00553

PERMANENT GENERAL ASSURANCE
CORPORATION AND S&M AUTO
SERVICE, LLC,

  Defendant.

### PERMANENT GENERAL'S BRIEF IN SUPPORT
### OF RULE 12(b)(6) MOTION TO DISMISS

#### I. INTRODUCTION

Plaintiff Thelma L. Hewlett ("Hewlett"), *pro se*, in her third attempt, seeks to assert a claim against Permanent General Assurance Corporation ("Permanent General") under 42 U.S.C. § 1981 ("Section 1981"). Hewlett still has not stated a claim against Permanent General, and Permanent General should be dismissed with prejudice.

On October 29, 2015, Hewlett's first Complaint was dismissed by the Court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. See October 29, 2015 Order (ECF Doc. 2). The dismissal was without prejudice. Id.

On November 3, 2015, Hewlett filed a Notice of Appeal. See Notice of Appeal (ECF Doc. 3). Because the dismissal of the first Complaint was without prejudice, the Fourth Circuit Court of Appeals issued an order on March 18, 2016, dismissing the appeal for lack of jurisdiction and remanding the case to this Court. See March 18, 2016 Order (ECF Doc. 5).

On April 12, 2016, this Court ordered Hewlett to file an amended complaint, setting forth detailed instructions for what should be included in the amended complaint. See April 12, 2016

Order (ECF Doc. 8).  Significantly, one of the instructions was that in "a section titled 'FACTS', the plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief."  Id.

On April 29, 2016, Hewlett filed an Amended Complaint, indicating she was asserting a claim under Section 1981 against Permanent General and S&M Auto Service LLC ("S&M Auto").  See Amended Complaint ¶ 1, 5 (ECF Doc. 9).  The Amended Complaint asserted that Hewlett is an African American woman and that "all the defendants in this case are white men, with intent to discriminate on the basis of her race."  Id. at ¶ 4.  The Amended Complaint further asserts that Permanent General and S&M Auto violated her rights under Section 1981 "because of her race 'black'."  Id. at ¶ 2.

On May 2, 2016, the Court entered an Order, finding that "the amended complaint did not include any facts describing how the defendants allegedly wronged the plaintiff; it only included the conclusion that the defendants discriminated against her."  See May 2, 2016 Order (ECF Doc. 10).  The Order directed Hewlett to file a second amended complaint "in which she must add facts of what happened between her and each of the defendants and why she thinks the defendants' discriminated against her."  Id.

On May 13, 2016, Hewlett filed an "Amended Complaint for Civil Action No. 3:15-cv-553." ("Second Amended Complaint" or "SAC").  It is clear that Hewlett has not alleged any additional fact that could possibly state a claim against Permanent General under Section 1981.

## II. ALLEGATIONS

Hewlett appears to complain, in conclusory fashion, that Permanent General's actions in resolving her automobile property damage claim were in violation of Section 1981.  In its May 18, 2016 Order, the Court stated that "it understands the plaintiff's lawsuit as arising from

damage to her car that her insurance company, and an automotive repair company, handled improperly." See May 18, 2016 Order (ECF Doc. 12). The Court further stated that "plaintiff alleges that the companies handled the situation improperly because of her race in violation of 42 U.S.C. § 1981." Finally, the Court held that "the defendants may respond in light of this understanding of the complaint." With that understanding in mind, Permanent General moves to dismiss the claims against it with prejudice. Hewlett has not alleged any facts to support her conclusory allegations that Permanent General's actions were based upon her race. Accordingly, Hewlett has failed to state a claim under Section 1981, and Permanent General should be dismissed with prejudice.

### III. LAW AND ARGUMENT

#### A. Standard of Review

When ruling on a Motion to Dismiss, the facts alleged in the Complaint should be taken as true and construed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974). Dismissal should be granted, however, when the defendant demonstrates that the plaintiff's allegations cannot support the claims brought, even in the light most favorable to the plaintiff. Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324 (4th Cir. 1989). The presence of conclusory legal terms does not insulate a Complaint from dismissal under Rule 12(b)(6) when the facts alleged do not support the claim. Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2000) (bald assertions and conclusions of law do not prevent dismissal).

To survive a Motion to Dismiss pursuant to Rule 12(b)(6), a Complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or the plaintiff's "formulaic recitation" of the elements of

a particular cause of action. Id. at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." Id. Where a plaintiff fails to "nudge his claims across the line from conceivable to plausible, his Complaint must be dismissed." Id. at 570.

Therefore, the Complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). In this regard, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Under these principles:

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, *they must be supported by factual allegations*. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679 (emphasis added).

**While the Court liberally construes *pro se* Complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the plaintiff's advocate, *sua sponte* developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of his Complaint.** Shabazz v. Geo, 2008 WL 2674029 (E.D. Va.) (citing Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J. concurring)). Here, the allegations in the SAC, even accepted as true, are nothing more than unadorned legal conclusions. Accordingly, the SAC fails to state a claim against Permanent General.

B.      **Plaintiff has Failed to State a Section 1981 Claim.**

As construed by this Court, Hewlett alleges that Permanent General and S&M Auto improperly handled a claim for damage to her automobile because of her race in violation of 42

4

U.S.C. § 1981. See May 18, 2016 Order (ECF Doc. 12). Section 1981 "can be violated only by purposeful discrimination." Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391, 102 S. Ct. 3141, 3150 (1982). Accordingly, in order to state a claim under Section 1981, Hewlett must show that Permanent General was motivated by "discriminatory animus" to deprive her of the equal enjoyment of rights secured by the law to all. See Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009) (affirming dismissal of a Section 1981 claim where the only facts alleged were that Plaintiff was African American, the defendants were all white, and the defendants never took action against white employees similar to the action taken against Plaintiff); Minor v. Tyson Foods, Inc., 60 F. Supp. 3d 684, 689 (W.D. Va. 2014) (granting a motion to dismiss a Section 1981 claim where the complaint made the conclusory assertion that the defendant acted with "racial animus" that was supported only by speculation and conjecture); Long v. Teradata Corp., 2012 WL 6026441 (E.D. Va. 2012) (dismissing a Section 1981 claim, finding that allegation that plaintiff was "discriminated against because of his race" are insufficient to state a claim.).

In Kungle v. State Farm, Fire & Cas. Co., the United States District Court for the District of Columbia dismissed a Section 1981 claim against State Farm that is nearly identical to the claim made by Hewlett against Permanent General. 48 F. Supp. 3d 67 (D.D.C. 2014). Kungle, *pro se*, alleged that State Farm failed to pay his theft loss insurance claim in violation of Section 1981. Kungle made the following allegations: (1) the he "maternally descended from both the Creek [and] Powhatan;" (2) that State Farm "does not want to pay [the] plaintiff [ ] due to their historic racial bias;" and (3) that "[s]enior State Farm folks knew lower staff conspired to deny [the] plaintiff payments [and] federal civil rights." Id. at 77. In granting State Farm's Rule

5

12(b)(6) motion to dismiss, the court held that those allegations were conclusory and void of any supporting facts. Id. at 77-8.

As was the case in Kungle, Hewlett has not alleged any facts to support her conclusion that Permanent General's actions where somehow motivated by race. A claim of racial discrimination must be supported by facts and cannot be supported by subjective beliefs. See e.g., Long v. Teradata Corp., 2012 WL 6026441 (E.D. Va. 2012); Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009); Sherman v. Marriott Hotel Services, Inc., 317 F. Supp.2d 609 (D. Md. 2004). After multiple attempts, Hewlett has failed to allege any facts that show Permanent General acted with purposeful discrimination or racial animus. As a result, Hewlett has not stated a claim against Permanent General, and Permanent General should be dismissed with prejudice. Iqbal, 556 U.S. at 681-682.[1]

## IV. **CONCLUSION**

For the reasons stated above, Permanent General respectfully requests that the Court enter an Order granting the Motion to Dismiss and dismissing Permanent General as a party with prejudice, and awarding such other relief as this Court deems appropriate.

---

[1] The SAC asserts that Permanent General and S&M Auto "conspired" with one another "because of" her "sex, color, and race." See SAC at ¶ 1, 2. It is entirely unclear what theory of recovery Hewlett may be attempting to pursue with these allegations. Regardless, these allegations are also conclusory and unsupported by any facts. Moreover, because Hewlett has failed to state a claim under Section 1981, she cannot state a claim for a conspiracy to deprive her of her rights under Section 1981, even if that were a cognizable claim. See e.g., Long v. Teradata Corp., No. 1:12CV787 JCC/TCB, 2012 WL 3947811, at *6 (E.D. Va. Sept. 10, 2012) ("Since the Court has found that [plaintiff] failed to state a claim for racial discrimination under Title VII or Section 1981, such an alleged wrong cannot support [plaintiff's] corresponding civil conspiracy claim.")

## "ROSEBORO NOTICE"---THIS CASE COULD BE DISMISSED

Consistent with the requirements of Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the following advises the *pro se* plaintiff, Thelma L. Hewlett, that:

1. She is entitled to file a response opposing the Motion to Dismiss and the Brief in Support of the Motion to Dismiss filed by Permanent General Assurance Corporation. Any such response must be filed with the United States District Court for the Eastern District of Virginia, Richmond Division, within twenty-one (21) days of the date on which the motion and brief in support is filed;

2. The Court could dismiss this action on the basis of Permanent General Assurance Corporation's moving papers if she does not file a response;

3. She must identify all facts stated by Permanent General Assurance Corporation with which she disagrees and must set forth her version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4. She is entitled to file a legal brief in opposition to the brief filed by Permanent General Assurance Corporation.

                    **PERMANENT GENERAL ASSURANCE CORP.**

                    By Counsel

/s/
Mark G. Carlton
VSB No. 43913
M. Scott Fisher, Jr.
VSB No. 78495
Attorney for Permanent General Assurance
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255

804-747-5200 - Phone
804-747-6085 - Fax
mcarlton@hccw.com

## **C E R T I F I C A T E**

I hereby certify that on the 9th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following:

> Thelma L. Hewlett, Plaintiff *pro se*
> P.O. Box 61013
> Richmond, VA 23261
> 804-937-6427

/s/
Mark G. Carlton
VSB No. 43913
M. Scott Fisher, Jr.
VSB No. 78495
Attorney for PGAC
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
mcarlton@hccw.com