IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THELMA L. HEWLETT,
          Plaintiff,

v.                                                    Civil Action No.: 3:15-cv-553-JAG

PERMANENT GENERAL ASSURANCE
CORPORATION and S&M AUTOMOTIVE
SERVICE, LLC,
          Defendants.

## OPINION

Thelma Hewlett suffered fire and water damage to her car. Hewlett filed this action against Permanent General Assurance Corporation ("General"), her insurance company, and S&M Automotive Service, LLC ("S&M"), a car repair shop, alleging that the companies handled her car damages improperly and discriminated against her based on her race in violation of 42 U.S.C. § 1981. General and S&M have moved to dismiss Hewlett's second amended complaint ("the second amended complaint") for failure to state a claim. The Court GRANTS both motions and DISMISSES the second amended complaint WITH PREJUDICE.

## I. BACKGROUND

Hewlett, an African-American woman, alleges a dispute regarding damages to her car during which General and S&M discriminated against her because of her race. Hewlett filed her complaint ("the complaint") on September 15, 2015. (Dk. No. 1.) The Court dismissed the complaint without prejudice on October 29, 2015. (Dk. No. 2.) Hewlett appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit dismissed Hewlett's appeal for lack of jurisdiction, but remanded with instructions for the Court to permit Hewlett to amend her complaint. (Dk. No. 5.) The Court ordered Hewlett to file an amended complaint, directing

her to identify each legal claim against the defendants and include sufficient facts giving rise to those claims. (Dk. No. 8.) Hewlett filed her amended complaint ("the amended complaint") on April 29, 2016. (Dk. No. 9.) Because the amended complaint did not include any facts describing how the defendants allegedly wronged her and only the conclusion that the defendants discriminated against her, the Court directed Hewlett to file a second amended complaint. (Dk. No. 10.) Hewlett filed her second amended complaint on May 13, 2016. (Dk. No. 11.) The Court, affording Hewlett the liberal construction required for pro se plaintiffs, interpreted the second amended complaint as a suit "arising from damage to her car that her insurance company, and an automotive repair company, handled improperly."[1] (Dk. No. 12.) Hewlett alleges that General and S&M "handled the situation improperly because of her race in violation of 42 U.S.C. § 1981." (*Id.*) General and S&M have moved to dismiss the second amended complaint for failure to state a claim. Because the second amended complaint includes only the conclusion that General and S&M discriminated against her, Hewlett fails to state a claim upon which the Court could grant relief.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, although courts should liberally construe the complaint, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous

---

[1] In the second amended complaint, Hewlett alleges violations of various sections of the Code of Virginia, negligence, and civil conspiracy. For the same reasons discussed in the Court's opinion dismissing the complaint, the Court finds that Hewlett failed to state a claim for a violation of any section of the Code of Virginia or for negligence. (*See* Dk. No. 2.) Because the Court finds that Hewlett did not plead sufficient facts to show that General and S&M discriminated against her, Hewlett also failed to plead sufficient facts to show that the defendants conspired to discriminate against her. To the extent that the second amended complaint raises any additional claims, the Court finds them without merit.

2

construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated that "though [pro se] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint; it does not resolve contested facts in the case or the factual basis of a claim or defense. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The plaintiff's allegations, however, must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires the plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

In the second amended complaint, Hewlett asserts that General and S&M discriminated against her based on her "sex, color, and race" in violation of 42 U.S.C. § 1981. (2d Am. Compl. ¶ 2.) While Hewlett does establish that she belongs to a racial minority group and that the

alleged discrimination involved contractual relationships, she fails to plead sufficient facts giving rise to the conclusion that the defendants intended to discriminate against her.

Section 1981 grants all persons within the United States equal rights "to make and enforce contracts." 42 U.S.C. § 1981(a). A claim under section 1981 must "identify an impaired contractual relationship under which the plaintiff has rights," *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006), and whether "racial discrimination . . . impairs an existing contractual relationship." *Morris v. Carter Global Lee, Inc.*, 997 F. Supp. 2d 27, 37 (D.D.C. 2013). The plaintiff must show that (1) he belongs to a racial minority group; (2) the defendant intended to discriminate against him based on his race; and (3) the discrimination relates to a contractual relationship covered under section 1981. *Kungle v. State Farm, Fire & Cas. Co.*, 48 F. Supp. 3d 67, 77 (D.D.C. 2014) (citing *Dickerson v. District of Columbia*, 806 F. Supp. 2d 116, 119 (D.D.C. 2011)) (dismissing the pro se plaintiff's suit under section 1981 because the plaintiff's complaint included allegations of race discrimination that were "conclusory and tenuous at best"). The plaintiff must allege facts beyond the conclusion that he was "discriminated against because of [her] race." *Long v. Teradata Corp.*, No. 1:12cv787 (JCC/TCB), 2012 WL 6026441, at *3 (E.D. Va. Dec. 4, 2012).

To survive a motion to dismiss, the plaintiff is not required "to plead facts establishing a *prima facie* case," *Swierkiemcz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), but he must plead sufficient facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). The plaintiff still has the burden of alleging facts sufficient to state *all the elements* of his claim. *Jordan v. Alternative Resources*

*Corp.*, 458 F.3d 332, 346 (4th Cir 2006) (citing *Bass v. E.I. Supont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)).

In the second amended complaint, Hewlett establishes that she belongs to a racial minority group and that the alleged discrimination involves contractual relationships under which she has rights. Hewlett, an African-American woman, states that she identifies as a "low-income woman" and as a "member of a protected class." (2d Am. Compl. ¶ 2.) Because Hewlett has a car insurance policy with General, the alleged discrimination involved a contractual relationship between Hewlett as the insured and General as insurer. As the repair shop handling the damages to Hewlett's car, S&M also shared a contractual relationship with Hewlett. The alleged discrimination, therefore, involved contractual relationships with General and S&M under which Hewlett has rights. *See* 42 U.S.C. § 1981(b).

Hewlett fails, however, to plead sufficient facts to show that General and S&M intended to discriminate against her. In the second amended complaint, she states only the conclusion that the defendants engaged in "unlawful discrimination." (2d Am. Compl ¶ 3). Hewlett pleads allegations of race discrimination that "are nothing more than the sort of unadorned allegations of wrongdoing to which *Twombly* and *Iqbal* are directed." *Francis v. Giacomelli*, 588 F.3d 186, 195-96 (4th Cir. 2009) (affirming dismissal of a section 1981 claim in which the plaintiffs alleged only that they were African-American males and the defendants were white males). The facts alleged in the second amended complaint, therefore, are not sufficient to surpass the speculative level or render plausible Hewlett's right to relief against General and S&M.

## IV. <u>CONCLUSION</u>

For these reasons, the Court GRANTS both motions to dismiss, and DISMISSES the second amended complaint.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record and mail a copy via U.S. mail to the pro se plaintiff.

Date: 7/20/16
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

6